# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**JAMES WHITLOW,**

    **Petitioner,**

v.                                        **Case No. 2:15-cv-12744**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The following motions are pending before the court: the respondent's Motion to Dismiss Petition as Untimely (ECF No. 10), the petitioner's Motion for Leave to Amend and/or File Additional Claims (ECF No. 13), the petitioner's Motion for Summary Judgment (ECF No. 14-1) and the petitioner's Motion to Remand Case to Circuit Court of Fayette County (ECF No. 14-2).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 23, 2008, the petitioner was convicted of 21 felony counts of sexual abuse, sexual assault and incest in the Circuit Court of Fayette County, West Virginia. On February 13, 2009, the petitioner was sentenced to an indeterminate term of 135 to 440

years in prison. The petitioner was re-sentenced three different times in order to allow him an opportunity to file a direct appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV"). On March 30, 2011, the petitioner, by court-appointed counsel, Gina Stanley, filed a Notice of Appeal, which was subsequently perfected and fully briefed. On November 28, 2011, the SCAWV affirmed the petitioner's conviction and sentence by Memorandum Decision (No. 11-0586, ECF No. 10, Ex. 17). A Mandate issued on December 29, 2011. (*Id.*, Ex. 18).

On April 18, 2012, the petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County. (Case No. 12-C-133, ECF No. 10, Ex. 19). The Circuit Court denied the petition on May 14, 2012. (*Id.*, Ex. 20). On July 8, 2013, the SCAWV affirmed the Circuit Court of Fayette County's decision denying the petitioner's habeas corpus petition (Case No. 12-0800, ECF No. 10, Ex. 25), and a Mandate issued on August 7, 2013 (*id.*, Ex. 26).

On December 19, 2013, the petitioner filed a second *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 13-C-331, ECF No. 10, Ex. 27). On March 11, 2014, the Circuit Court denied that petition. (*Id.,* Ex. 28). On January 30, 2015, the SCAWV affirmed the denial of the petitioner's second state habeas petition. *James W. v. Ballard*, No. 14-0340, 2015 WL 424947 (Jan. 30, 2015) (ECF No. 10, Ex. 34). The petitioner's request for rehearing was denied by the SCAWV on April 7, 2015. (ECF No. 10, Ex. 37). A Mandate issued on April 14, 2015. (*Id.*, Ex. 35). The petitioner then filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on August 28, 2015. (ECF No. 1).

On May 2, 2016, the respondent filed the instant Motion to Dismiss Petition as Untimely (ECF No. 10) and a Memorandum of Law in support thereof (ECF No. 11), asserting that the petitioner's section 2254 petition was untimely filed.  On May 31, 2016, the petitioner filed an Objection/Response to respondent's Motion Dismiss (ECF No. 12), as well as a Motion for Leave to Amend and/or File Additional Claims (ECF No. 13) and a Motion for Summary Judgment and Remand to Circuit Court of Fayette County (ECF No. 14).

On June 2, 2016, the respondent filed responses to the petitioner's motions (ECF Nos. 14 and 16) and on June 3, 2016, the respondent filed a reply brief concerning his Motion to Dismiss (ECF No. 17).  On June 20, 2016, the petitioner filed replies concerning his Motion to Amend and his Motion for Summary Judgment and Remand, and an unauthorized sur-reply concerning the respondent's Motion to Dismiss. (ECF Nos. 18-20).  On June 22, 2016, the respondent filed a Motion to Strike the petitioner's sur-reply (ECF No. 21), which has been denied by separate Order.  The petitioner's Motion for Leave to Amend and/or File Additional Claims (ECF No. 13) will also been addressed in a separate Order.  Thus, the focus of this Proposed Findings and Recommendation is the respondent's Motion to Dismiss (ECF No. 10) and the petitioner's Motion for Summary Judgement and/or Remand (ECF No. 14).  These matters are ripe for adjudication.

## ANALYSIS

### A.     The one-year statute of limitations under section 2244(d)(1).

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Because the petitioner was convicted after the enactment of these provisions, his petition is subject to these requirements.

### B.     The petitioner's petition is timely under section 2244(d).

The respondent's Motion to Dismiss and Memorandum of Law assert that the petitioner's section 2254 petition was untimely filed under 28 U.S.C. § 2244(d)(1). The petitioner opposed the Motion to Dismiss, providing his own explanation of the running of the applicable statute of limitations. The respondent's Reply indicates that the timelines of the petitioner's section 2254 petition is no longer contested because the respondent made an error in the calculation of the statute of limitations. Thus, the respondent requests that he be permitted to withdraw his Motion to Dismiss, or that the

4

same be denied and the petitioner's Response thereto be regarded as moot. The respondent further requests additional time to file a new Answer or other responsive pleading to the section 2254 petition.

The undersigned has reviewed the briefing on the timeliness issue and believes that both the petitioner and the respondent have proposed incorrect calculations of the applicable statute of limitations. The undersigned further proposes that the presiding District Judge **FIND** that the petitioner's section 2254 petition was timely filed based upon the following calculation:

The petitioner's judgment order was entered on February 13, 2009. Under the rules in place at that time, the petitioner had 30 days in which to file a Notice of Appeal and four months thereafter in which to file a Petition for Appeal in the SCAWV. After several changes in counsel and the re-entry of his judgment order to enable the appeal period to re-start, the petitioner ultimately filed a Notice of Appeal on March 30, 2012. The undersigned proposes that the presiding District Judge **FIND** that each re-sentencing extended the start date for the running of the one-year statute of limitations, because the petitioner's judgment was not yet final, as provided for in 28 U.S.C. § 2244(d)(1)(A).[1]

Once the SCAWV affirmed the petitioner's judgment on November 28, 2011, the petitioner then had 90 days in which to file a petition for a writ of certiorari in the United

---

[1] Furthermore, when a prisoner is resentenced and his § 2254 petition challenges the resentencing, the statute of limitations begins to run from the date that the resentencing becomes final." *Mercer v. Ballard*, No. 2:12-CV-40, 2013 WL 1442841, at *5 (N.D. W. Va. Apr. 9, 2013) (citing *Williams v. Florida*, 221 F. App'x. 867, 870 (11th Cir.2007) and *Murphy v. United States*, 634 F.3d 1303, 1311–12 (11th Cir.2011) ("when a defendant is resentenced, the defendant becomes confined under a new judgment from which a new one-year statute of limitations period starts to run")).

States Supreme Court. When he failed to do so by February 26, 2012, that is when his judgment became final.[2] Therefore, the one-year statute of limitations began to run on February 27, 2012, and ran until April 18, 2012, when the petitioner filed his first state court habeas corpus petition. The statute of limitations was then tolled until the SCAWV issued its mandate affirming the denial of the first state habeas petition on August 7, 2013.

The statute of limitations then began to run again on August 8, 2013, and ran until December 19, 2013, when the petitioner filed his second state court habeas corpus petition. The statute remained tolled until the SCAWV issued its mandate affirming the denial of the second state habeas petition on April 7, 2015. The statute then began to run again on April 8, 2015 and ran until August 28, 2015, when the petitioner filed his section 2254 petition.[3] At that time, based upon the undersigned's calculation, 326 days had passed under the statute of limitations. Accordingly, the petitioner's section 2254 petition, as pled, was timely filed.

---

[2] Although the West Virginia Rules of Appellate Procedure provide that the date of issuance of a mandate is when a judgment becomes final, that is not the case with respect to the filing of a petition for a writ of certiorari and the calculation of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A). Rather, pursuant to Rule 13.1 of the United States Supreme Court Rules:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, *entered by a state court of last resort* . . . is timely filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days *after entry of the order denying discretionary review*.

Sup. Ct. R. 13.1 [Emphasis added]. Thus, the 90-day period for filing a petition for a writ of certiorari runs from the date that the SCAWV's Memorandum Decision was entered, and not the date of the mandate.

[3] To the extent that any of the petitioner's claims for habeas corpus relief were not exhausted by his two rounds of habeas corpus proceedings in the state courts (an issue that has not yet been addressed by the parties or the court), the statute of limitations was not tolled by the filing of his section 2254 petition. *See Duncan v. Walker*, 533 U.S. 167 (2001). Accordingly, the one-year statute of limitations ultimately expired on or about October 6, 2015.

### C. The petitioner's Motion for Summary Judgment and Remand to the Circuit Court of Fayette County.

On May 31, 2015, the petitioner filed a Motion for Summary Judgment and Remand Case to Circuit Court of Fayette County (hereinafter "Motion for Summary Judgment and Remand") (ECF No. 14). The sole basis for this motion is the respondent's alleged failure to file an "Answer" to the petitioner's section 2254 petition. The petitioner contends that, in addition to whatever other "responsive pleadings" the respondent may file, Rule 5 of the Rules Governing Section 2254 Proceedings <u>requires</u> the respondent to file an Answer addressing all of the allegations in the petition and further stating whether any claim in the petition is unexhausted or procedurally barred. He further claims that, because the respondent herein failed to comply with the requirements of Rule 5, the petitioner should be granted summary judgment with relief in the form of a remand to the Circuit Court for appointment of counsel and an evidentiary hearing.

The petitioner's motion states in pertinent part:

The Respondent, however, in bad faith, filed a Motion to Dismiss along with a Memorandum in Support of the Motion to Dismiss. The Respondent DID NOT ask for an extension to file an ANSWER pursuant to Rule 5 as ordered. Therefore, they missed the deadline to ANSWER. If the shoe was on the other foot and the Petitioner missed the deadline, the Respondent would have stomped all over the foot of the Petitioner and it is almost a surety that the Court would not have allowed the Petitioner to file an Answer out-of-time without asking for an extension.

(*Id.* at 4). While acknowledging that resolution of habeas corpus petitions on "default" grounds is disfavored, citing *Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir. 1990) and *Santillana v. Collins*, No. 5:14-cv-12474, 2015 WL 852335 (S.D. W. Va. 2015) (Berger, J.), the petitioner contends that [b]y not answering, it is a given that the State does not see anything wrong with the Petitioner's complaint." (*Id.* at 5). Thus, he maintains that this

7

matter is appropriate for summary disposition in his favor.

On June 2, 2016, the respondent, by counsel, filed a Response to the Motion for Summary Judgment and Remand (ECF No. 15). The respondent asserts that, because the undersigned's Order directed the respondent to "file and answer or other pleading to the Petition," he did not have to file an Answer at that time. The Response further states:

> In accordance with this Order, Respondent filed a Motion to Dismiss (ECF No. 10) and a supporting memorandum of law on May 2, 2016 (ECF No. 11). These filings fully satisfied Respondent's requirement to file a responsive pleading. Petitioner's entire motion for summary judgment is predicated on the misperception that an Answer was required, and for this reason, his motion must fail. Moreover, even assuming Petitioner was entitled to summary judgment (and he is not) the relief he requests – a remand to state circuit court for an omnibus hearing – is not an available remedy to him in this matter.

(ECF No. 15 at 3). The Response further notes that, in his Motion to Dismiss, the respondent reserved the right to "present further evidence and arguments in opposition to the Petitioner's claims at such time" [if the Motion to Dismiss were denied] and further stated "to the extent an Answer is deemed necessary at this time, Respondent denies that Petitioner's constitutional rights have been violated." (*Id.*) Thus, the respondent contends that the petitioner has not demonstrated that he is entitled to judgment as a matter of law on this basis. (*Id.* at 4).

On June 20, 2016, the petitioner filed a two-page Reply (ECF No. 20), in which he simply reiterates his assertion that the respondent failed to file an "Answer" in an attempt to thwart justice in this matter and that he should be granted summary judgment and the matter should be remanded to the state court for an evidentiary hearing.

Rule 5(a) of the Rules Governing Section 2254 Cases provides that "the respondent is not required to answer the petitioner unless a judge so orders." The undersigned's

Order stated that the respondent was to file "an Answer or other pleading." Thus, a dispositive motion was contemplated by that statement.

Although Rules 5(b) and (c) require that the answer (1) "address the allegations in the petition"; (2) "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity or a statute of limitations"; (3) must indicate what transcripts are available; and (4) must provide copies of certain briefs set forth in the rule, in light of the court's requirement to consider the threshold issue of timeliness, as addressed in the respondent's Motion to Dismiss, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has suffered no prejudice by the respondent's delay in filing an Answer, and any other documentation addressing the merits of the petitioner's claims, until the Motion to Dismiss is resolved.

Moreover, even if the District Court were satisfied that the respondent improperly failed to file an answer under Rule 5, that fact alone does not entitle him to summary judgment on his claims. He maintains the burden of demonstrating that judgment in his favor is warranted as a matter of law on each of the claims asserted in his section 2254 petition. *See, e.g. Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (recognizing that a state criminal judgment is presumed to be valid and should not be overturned based upon default without reaching the merits); *see also United States v. Smith,* No. 1:01-CR-0007, 2007 WL 5161771, at *5 (S.D.W. Va. July 25, 2007) ("Judgment by default cannot be obtained in a habeas corpus proceeding unless the petitioner first establishes his claim or right to relief by evidence satisfactory to the court.") (Citations omitted). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the respondent's failure, thus far, to file an answer to the section 2254 petition is not a valid basis for

9

granting summary judgment to the petitioner.[4]  Moreover, the petitioner's request for a direct "remand" to the Circuit Court of Fayette County is not an appropriate remedy that this court can grant in a section 2254 proceeding.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the respondent's Motion to Dismiss the petitioner's Petition as Untimely (ECF No. 10) and **DENY** the petitioner's Motion for Summary Judgment and Remand Case to the Circuit Court of Fayette County (ECF No. 14).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474

---

[4] By separate Order, the undersigned will address the petitioner's Motion for Leave to Amend and/or File Additional Claims (ECF No. 13) and order the respondent to file a comprehensive Answer to the petitioner's section 2254 petition that complies with Rule 5 of the Rules Governing Section 2254 Cases.

U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

  The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

February 2, 2017

Dwane L. Tinsley
United States Magistrate Judge