**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

JAMES WHITLOW,

      Petitioner,

v.                               Case No. 2:15-cv-12744

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the respondent's Motion to Dismiss for Failure to Exhaust State Remedies (ECF No. 28) and the petitioner's Motion to Stay (ECF No. 32).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

On October 23, 2008, the petitioner was convicted of 21 felony counts of sexual abuse, sexual assault, and incest in the Circuit Court of Fayette County, West Virginia. On February 13, 2009, the petitioner was sentenced to an indeterminate term of 135 to 440 years in prison. The petitioner was re-sentenced three different times in order to allow him an opportunity to file a direct appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV"). On March 30, 2011, the petitioner, by court-appointed counsel, Gina Stanley, filed a Notice of Appeal, which was subsequently perfected and fully briefed.

In his direct appeal, the petitioner asserted the following assignments of error:

1.     The punishments specified by the legislature for Whitlow's offenses were disproportionate to the harm caused his victim.

2.     Whitlow was denied a trial by a fair, impartial and objective jury.

(ECF No. 28, Ex. 9 at 5).

On page 8 of the petitioner's appellate brief, he states, "[o]ur federal and state constitutions entitle Whitlow to have the facts determined by a fair, objective and impartial jury." (*Id.* at 8).  Additionally, on page 16 of the Brief, the petitioner states, "Whitlow was denied due process of law because he was convicted by a jury of three crimes without evidence." (*Id.* at 16).  He then cites Article III, Sections 5 and 13 of the West Virginia Constitution, but also cites the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.  Thus, the second assignment of error was addressed, *inter alia*, as a federal constitutional claim.   On the other hand, the petitioner's disproportionate sentence claim was addressed only under the West Virginia Constitution and, thus, did not exhaust any federal constitutional claim.

On November 28, 2011, the SCAWV affirmed the petitioner's conviction and sentence by Memorandum Decision (No. 11-0586, ECF No. 28, Ex. 6).  A Mandate issued on December 29, 2011.  (ECF No. 10, Ex. 18).

On April 18, 2012, the petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County.  (Case No. 12-C-133, ECF No. 28, Ex. 10).  That petition asserted the following grounds for relief:

1.     Ineffective assistance of trial counsel and appellate counsel in violation of both state and federal constitution 6th Amendment.

Petitioner contends that trial counsel failed to present any defense during trial of petitioner's innocence claim among other errors that [were] committed during trial that will be expanded on later during

the amended petition once counsel is appointed.  Secondly – appeal counsel only raised two issues during the appeal and mis-stated in the appeal "He stole her innocence" making it seem like he was guilty.

2.    Petitioner's conviction was obtained as a result of his counsel's knowing use of perjured testimony.

See amended petition once the court appoints Habeas Counsel along with Memorandum of Law.

3.    Petitioner's conviction was obtained as a result of prosecutor's misstatements of facts and knowing use of perjured testimony.

See amended petition once the court appoints Habeas Counsel along with Memorandum of Law.

4.    Petitioner was convicted on less than proof beyond a reasonable doubt of every element of the crime and evidence insufficient to establish guilt beyond a reasonable doubt.

See amended petition once the court appoints Habeas Counsel along with Memorandum of Law.

5.    Petitioner was subjected to multiple prosecutions for the same offense which in reality was a single conspiracy.

See amended petition once the court appoints Habeas Counsel along with Memorandum of Law.

6.    Petitioner is actually innocent of the crime of which he was convicted resulting in a miscarriage of justice which can be corrected on Habeas Corpus.

See amended petition once the court appoints Habeas Counsel along with Memorandum of Law.

7.    Petitioner's conviction resulted from jury instructions that were fundamentally defective such that petitioner is actually innocent of the charges on which he was convicted.

See amended petition once the court appoints Habeas Counsel along with Memorandum of Law.

8.    Petitioner's conviction was a result of cumulative errors of counsel – i.e. errors that although not prejudicial individually are cumulatively prejudicial.

> See amended petition once the court appoints Habeas Counsel along
> with Memorandum of Law.

(*Id.*)

The Circuit Court denied the petition on May 14, 2012.  (ECF No. 28, Ex. 11).
Concerning the first ground for relief, the Circuit Court found that "Petitioner's trial
counsel did, at trial set forth defense of actual innocence on behalf of the Petitioner and
did not violate the standard set forth in *Strickland* as aforementioned."  (*Id.* at 6-7).  The
Circuit Court further found that "Petitioner's appellate counsel did not violate the
standard set forth in *Strickland* based on a review of the Petition and the lack of
supporting facts or argument in the Petition."  (*Id.* at 7).  The Circuit Court further found
as follows:

> [T]his Court has concluded that issues pertaining to the state and federal
> right to effective assistance of counsel were raised in the Petition.  This
> Court has considered Petitioner's claims pertaining to these issues as set
> forth above and concludes that they are clearly without merit under both
> state and federal law.

(*Id.*)  Thus, Ground One of the *pro se* petition was grounded in and addressed as a federal
constitutional claim.

Concerning Grounds Two through Eight, the Circuit Court found as follows:

> Grounds Two through Grounds Eight of the Petition fail to set forth any
> factual basis for the Petitioner's contentions.  Mere allegations alone are not
> sufficient to sustain a Petition for a Writ of Habeas Corpus.  The petition
> contains a mere recitation of grounds without any factual support.

(*Id.* at 7).  The Order then finds in pertinent part:

> Additionally, Grounds Two through Grounds Seven are not appropriate
> matters for Habeas Corpus relief because Petitioner failed to allege any
> constitutional or jurisdictional defects.

(*Id.*)  Nonetheless, the Circuit Court further found that "the State of West Virginia
presented to an impartial jury evidence clearly sufficient to prove, beyond a reasonable

4

doubt, the Petitioner's guilt as to the charges upon which the Petitioner was put to trial." (*Id.* at 8).

On or about June 24, 2012, the petitioner appealed the Circuit Court's denial of his *pro se* habeas corpus petition to the SCAWV, asserting only that the presiding Circuit Judge abused his discretion in refusing to appoint counsel to amend the petition and in denying the petition without an opportunity to further develop his claims.  (ECF No. 28, Ex. 12 at 4-5).  The Petition for Appeal also specifically discussed the petitioner's claims of ineffective assistance of trial and appellate counsel, but failed to address any of his other substantive claims for relief.  (*Id.* at 5-6).

On July 8, 2013, the SCAWV affirmed the Circuit Court of Fayette County's decision denying the petitioner's habeas corpus petition.  *James W. v. Ballard*, No. 12-0800, 2013 WL 3388244 (W. Va. July 8, 2013) (ECF No. 28, Ex. 2).  Specifically, the Court found:

> Based upon a review of both the petition and the order denying it, this Court finds that the circuit court correctly determined that petitioner either did not support his grounds with adequate factual support or raised grounds that were not cognizable in habeas corpus.  The circuit court's findings specific to ineffective assistance of counsel are sufficient to demonstrate that petitioner is not entitled to either appointment of counsel or a habeas hearing on that ground.

*Id.* at *3.  A Mandate issued on August 7, 2013 (ECF No. 17, Ex. 26).

On December 19, 2013, the petitioner filed a second *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 13-C-331, ECF No. 28, Ex. 13).  The petitioner's second *pro se* Petition raised the following grounds for relief:

    1.    Ineffective Assistance of Trial Counsel.

        A.    Failure to call an expert witness

        B.    Failure to offer and explain plea bargain

      C.      Failure to provide a proper alibi defense

      D.      Failure to properly investigate

      E.      Failure to ask for a limiting instruction

      F.      Failure to impeach critical witness

2.      Ineffective Assistance of Appellate Counsel

      A.      Improper and inaccurate statements made

3.      The Court erred by allowing letters the petitioner wrote to his wife into evidence.

4.      Invalid indictment:  Counts One (1); Four (4); Seven (7); Ten (10); Thirteen (13); Sixteen (16); Nineteen (19) is not worded as the Statute of the State of West Virginia Code § 61-8B-3.

5.      Prosecutorial Misconduct

(*Id.*)  On March 11, 2014, the Circuit Court denied that petition on its merits.  (ECF No. 28, Ex. 15).

The petitioner appealed the denial of his second state habeas petition.  His Brief on Appeal again asserted that the Circuit Court erred in denying him appointment of counsel and an evidentiary hearing on each of his asserted grounds for relief.  The undersigned notes that the petitioner's Brief further attempted to assert, for the first time, that each of the Circuit Court's alleged errors was "in violation of the petitioner's Constitutional Rights."  (ECF No. 28, Ex. 16 at 4-5).

On January 30, 2015, the SCAWV affirmed the denial of the petitioner's second state habeas petition.  *James W. v. Ballard*, No. 14-0340, 2015 WL 424947 (Jan. 30, 2015) (ECF No. 28, Ex. 14).  The SCAWV's Memorandum Decision addressed the merits of each of the petitioner's claims of error; however, only the claims of ineffective assistance of counsel were specifically addressed under federal constitutional standards.

The petitioner's request for rehearing was denied by the SCAWV on April 7, 2015. (ECF No. 10, Ex. 37). A Mandate issued on April 14, 2015. (*Id.*, Ex. 35).

The petitioner filed the instant section 2254 petition, upon which this matter is proceeding, on August 28, 2015 (ECF No. 1). The petition contains the following grounds for relief:

1. Petitioner's Fifth and Sixth Amendment Rights were violated when the trial court permitted the introduction of evidence in violation of state code.

2. Petitioner's Sixth Amendment right to counsel was violated on the bases that his trial counsel:

   (A)  failed to call an expert witness to offer testimony why the victim had no hymen;

   (B)  failed to offer and explain a plea bargain;

   (C)  failed to provide a proper alibi defense;

   (D)  failed to properly investigate;

   (E)  failed to ask for a limiting instruction after the trial court sustained one of his attorney's objections; and

   (F)  failed to impeach critical witnesses.

3. Petitioner's Sixth Amendment right to counsel was violated because his appellate counsel was ineffective.

4. Petitioner's Fifth and Sixth Amendment rights were violated when the State failed to introduce sufficient evidence to convict him of three of the charged counts.

5. Petitioner's Fifth and Sixth Amendment rights were violated because the indictment was invalid.

6. Petitioner's Eighth Amendment right has been violated because his sentence is cruel and unusual.

7. Petitioner's Fifth and Sixth Amendment Rights were violated by prosecutorial misconduct.

      8.      Petitioner's "constitutional rights" were violated by the use of perjured testimony.

      9.      Petitioner's Fifth Amendment Right was violated when he was "subjected to multiple prosecutions for the same offense which in reality was a single conspiracy."

      10.      Petitioner's Constitutional Rights have been violated because he is actually innocent.

      11.      Petitioner's Fifth and Sixth Amendment Rights were violated "by his conviction resulting from jury instructions that were fundamentally defective."

      12.      Petitioner's conviction "was a result of cumulative errors."

(ECF No. 1 at 5-21).

The presiding District Judge previously denied the respondent's Motion to Dismiss Petition as Untimely and the undersigned denied the petitioner's Motion to Amend and/or File Additional Claims. Then, on May 1, 2017, the respondent filed a Motion to Dismiss Petition for Failure to Exhaust State Remedies (ECF No. 28), with accompanying exhibits, and Memorandum of Law in support thereof (ECF No. 29). The respondent also filed an Answer to the Petition (ECF No. 30), with additional exhibits, on May 18, 2017. The respondent asserts that nine of the twelve grounds for relief in the petitioner's section 2254 petition (specifically Grounds 1, 4, 5, 6, 7, 8, 9, 10, 11 and 12) have not been fully exhausted through appropriate state court proceedings.

On July 25, 2017, the petitioner filed a Response in opposition to the respondent's Motion to Dismiss (ECF No. 31), arguing that he did exhaust each of his grounds for relief through his prior state habeas corpus proceedings. However, the petitioner also filed a Motion for Stay and Abeyance (ECF No. 32), in which he requests that the court hold his section 2254 petition in abeyance and stay this matter while he returns to the state courts to attempt to exhaust any unexhausted grounds for relief.

On July 27, 2017, the respondent filed a Reply to petitioner's Response to the respondent's Motion to Dismiss (ECF No. 33) and a Response to the petitioner's Motion for Stay and Abeyance (ECF No. 34). The respondent maintains that the petitioner's petition contains unexhausted grounds for relief and is subject to dismissal as a "mixed" petition, but further states that he has no objection to a stay of this matter to enable the petitioner to attempt to exhaust his grounds for relief in the state courts, in light of the fact that a dismissal would render all of his claims time-barred.

## APPLICABLE STATUTES AND CASE LAW

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West

Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

The respondent asserts that Grounds 1, 4, 5, 6, 7, 8, 9, 10, 11, and 12 were not properly exhausted through the state court proceedings because the petitioner did not specifically allege violations of his federal constitutional rights with respect to these claims as raised in his state habeas proceedings, but rather focused only on state law. (ECF No. 29 at 14-15). More importantly, the respondent contends that the SCAWV denied these claims on state law grounds. Thus, the respondent contends that the petitioner has not fairly presented his federal constitutional claims now asserted in those grounds of his section 2254 petition to the state courts. (*Id.* at 12-15). The respondent's Memorandum of Law further states:

> *Rose* and its progeny make clear that the exhaustion requirement, which is strictly enforced, is not to thwart or even discourage review of alleged constitutional violations occurring in the state courts by a federal court. *Rose*, 455 U.S. at 518-22. Instead, the purpose is to give the state court system a full and fair opportunity to address an incarcerated individual's complaints and attempt to resolve them without federal involvement. *Id.*; *Hedrick*, 443 F.3d at 363-64. Once a petitioner's claims have been fully adjudicated by the state courts, to the extent he believes his federal claims have not been properly addressed, Petitioner can seek review in the federal

10

judiciary, which retains independent jurisdiction to review rights flowing
from the federal constitution.

(*Id.* at 15-16).

The respondent further contends that, because the petition contains both
exhausted and unexhausted claims, the entire petition must be dismissed. *See Rose*, 455
U.S. at 518-19 ("A rigorously enforced total exhaustion rule will encourage state prisoners
to seek full review first from the state courts, thus giving those courts the first opportunity
to review all claims of constitutional error."); *Hedrick v. True*, 443 F.3d at 363-64
("[W]here a petition includes both exhausted and unexhausted claims, the district court
must dismiss the entire petition.") (*Id.* at 16).   However, the respondent's Reply indicates
that, if this court determines that some of the grounds for relief are unexhausted, he does
not oppose the petitioner's request for a stay and abeyance to allow the petitioner to
return to the state courts to attempt to exhaust those claims.  (ECF Nos. 33 and 34).

A comprehensive review of the petitioner's state court filings, as set forth in the
exhibits provided by the parties herein, demonstrates that the petitioner has exhausted
his ineffective assistance of counsel claims asserted in Grounds Two and Three of his
section 2254 petition, which were addressed by the state courts under the Supreme
Court's seminal decision in *Strickland v. Washington*, 466 U.S. 668 (1984).  Thus, the
undersigned proposes that the presiding District Judge **FIND** that the petitioner
exhausted his state court remedies with respect to Grounds Two and Three of his section
2254 petition.

Additionally, the petitioner's claim that he was denied a trial by a fair, impartial
and objective when the jury found him guilty of three counts of the indictment without
sufficient evidence was raised and addressed in his direct appeal under the Fifth, Sixth

and Fourteenth Amendments to the United States Constitution.  Thus, the equivalent claim asserted in Ground Four of the petitioner's section 2254 petition also appears to have been colorably exhausted through his direct appeal.  Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner exhausted his state court remedies with respect to Ground Four of his section 2254 petition.

However, the petitioner did not allege his other claims for habeas corpus relief in the state courts in the context of federal constitutional violations, and the state courts did not address them as such.  Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner has not properly exhausted his state court remedies with respect to Grounds 1, 5, 6, 7, 8, 9, 10, 11 and 12 of his section 2254 petition.  Therefore, the undersigned will now address the appropriateness of a stay and abeyance.

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the United States Supreme Court held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court in limited circumstances.  The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*

This court previously determined that the petitioner's section 2254 petition was timely filed.   However, there were only 39 days remaining under the one-year statute of limitations at the time the section 2254 petition was filed and such filing did not toll the statute of limitations as to any unexhausted claims.  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (a section 2254 petition is not an "application for state post-conviction or other collateral review."  Therefore, it does not toll the statute of limitations.)

Therefore, a dismissal of the petition at this juncture would render any renewed petition untimely. Consequently, the respondent's Reply indicates that he does not oppose a stay and abeyance to enable the petitioner to attempt to exhaust his state court remedies concerning any unexhausted claims.

Accordingly, the undersigned proposes that the presiding District Judge **FIND**, pursuant to the holding in *Rhines v. Weber*, 544 U.S. at 277, that the petitioner's unopposed request for a stay and abeyance of these proceedings is warranted under the circumstances. Accordingly, for good cause shown, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the petitioner's unopposed Motion to Stay (ECF No. 32) and **HOLD IN ABEYANCE** the petitioner's section 2254 petition, pending his exhaustion of the available state court remedies concerning his second state habeas corpus petition. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the respondent's Motion to Dismiss for Failure to Exhaust State Remedies (ECF No. 28).

It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further order of the court. It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** the petitioner to notify the court and the respondent, within 14 days of the resolution of his state habeas proceedings, of the result thereof and his intent to proceed with this matter.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

December 12, 2017

Dwane L. Tinsley
United States Magistrate Judge

14