UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JAMES WHITLOW,

      Petitioner,

v.                            Civil Action No. 2:15-cv-12744

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

      Respondent.

ORDER


      Pending are the respondent's motion to dismiss the petitioner's 28 U.S.C. § 2254 petition for failure to exhaust state remedies, filed on May 1, 2017, and the petitioner's motion to stay and hold his petition in abeyance, filed on July 25, 2017.

      This matter having been referred to United States Magistrate Judge Dwane L. Tinsley pursuant to 28 U.S.C. § 636(b)(1)(B), he filed his Proposed Findings and Recommendation ("PF&R") on these two motions on December 12, 2017.  Magistrate Judge Tinsley finds that the petitioner has exhausted state remedies for some, but not all, of the claims in his section 2254 petition, as more fully set forth in the PF&R.  Finding

that a dismissal at this juncture would render a future section 2254 petition untimely, the magistrate judge recommends that the court exercise its discretion to stay this action to give the petitioner an opportunity to exhaust state remedies for the remaining grounds. According to the PF&R, the respondent does not oppose such a stay.

In his response to the PF&R, filed on December 22, 2017, the petitioner requests more time — 30 days instead of the 14 days suggested in the PF&R — within which to notify the court and the respondent of the resolution of his state habeas proceedings, the result thereof, and his intent to proceed with this matter. Because, as he states, the law library at his correctional institution is frequently closed, that request is granted.

Accordingly, it is ORDERED as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein.

2. That the respondent's motion to dismiss be, and it hereby is, denied.

3. That the petitioner's motion to stay and hold in abeyance his section 2254 petition be, and it hereby is, granted.

4. That the petitioner shall notify the court and the respondent within 30 (thirty) days of the resolution of his state habeas proceedings on all outstanding grounds of relief, the outcome of such resolution, and his intent to proceed with this matter.

5. That the Clerk shall transfer this matter to the inactive docket until further order of the court.

The Clerk is requested to transmit copies of this order to petitioner, all counsel of record, and United States Magistrate Judge Dwane L. Tinsley.

ENTER: March 1, 2018

John T. Copenhaver, Jr.
United States District Judge